## Yaskin Estate

Before KLEIN, Adm. J., BOLGER, LEFEVER, SAYLOR, SHOYER AND BURKE, JJ.

*Harry W. Steinbrook,* and *Steinberg, Greenstein, Richman & Price,* for exceptants.

*Charles Morris Hamilton, Robert P. Frankel,* and *Fox, Rothschild, O'Brien & Frankel,* contra.

LEFEVER, J., November 25, 1969.—The exceptions before the court raise the question of what is the proper amount of compensation to which the trustees are now entitled.

The record in this case reveals that the attorneys for the trustees performed the professional services customarily required in the administration of a trust estate and, in addition, various extraordinary professional services and also certain services usually provided by the trustees. This was occasioned by the fact that Victor H. Blanc, Esq., was one of the trustees appointed by testator and apparently was both his lawyer and principal confidante during his lifetime. Hence, it was normal for the other trustees to look to Mr. Blanc for leadership in the administration of the trust. They continued to do this after he ceased to be

an active practitioner.[1] Moreover, his other law partners thereafter took over the handling of both the legal and fiduciary matters connected with the trust.

The guardian and trustee ad litem in his report expressed the opinion that the counsel fees of $5,300 were "fair and reasonable" and made no objection thereto. The learned auditing judge allowed these fees. We are all satisfied that they were fair and reasonable. However, the auditing judge charged some of the trustees' compensation against these counsel fees. We are of the opinion that it was proper to do this, but that sufficient weight was not given to the factors (1) that the trustees were the appointees of testator; (2) that the trustees served for 12 years; and (3) that, irrespective of the limited extent of their administrative duties, the trustees assumed responsibility for the protection of the corpus. All of these are items to be taken into consideration in determining what is reasonable compensation for trustees' services. Moreover, although, as the auditing judge indicated, the trustees undoubtedly were remiss in carrying out some of their duties, there is no evidence in this case that they were guilty of fraud, double-dealing or dishonesty. Hence, *with the express approval of the auditing judge,* the compensation to the trustees is hereby increased and the surcharge reduced in the amount of $2,400, so that the total surcharge imposed upon the trustees is $2,072.52, payable in proportion to the amount received by each of them and to be added to the principal of the trust estate.

Accordingly, the exceptions are sustained to the extent herein stated, and the adjudication, as hereby modified, is confirmed absolutely.

---

[1] Subsequent to the death of testator, Mr. Blanc successively was elected District Attorney for Philadelphia; was elected judge of the Philadelphia Common Pleas Court; became seriously ill; was adjudicated incompetent by this court; and died.